WILLIAM W. TABOR, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Writ of error — will not lie in a criminal case until after final judgment.*

A writ of error will not lie in a criminal case until all the issues have been disposed of and a final judgment has been entered.

MOTION to quash a writ of error to the Court of Sessions of Suffolk county, to review the proceedings had upon the trial of the plaintiff in error upon an indictment charging him with burglary in the first degree and petit larceny.

*Martin J. Keogh*, for the plaintiff in error.

*Nathan D. Petty*, for the people.

DYKMAN, J.:

The plaintiff in error was indicted in the sessions for burglary and larceny under the name of Walter Tabor. On this indictment he was arraigned and plead misnomer in abatement. Thereupon the grand jury immediately presented another indictment against him for the same offense, to which he interposed a dilatory plea that there was no evidence before the grand jury of the commission of the crime of burglary. A demurrer to this plea was sustained by the court. Then another special plea was made against the jurisdiction of the Court of Sessions over the crime of petit larceny. A demurrer to this plea was also sustained by the court. Then the plaintiff in error moved to quash the indictment on the ground of misjoinder of a charge of felony and misdemeanor in the same indictment, and the motion was denied. Thereupon the public prosecutor moved that the plaintiff in error be called upon to plead to the indictment, and the court so ordered, and he plead not guilty. No trial has been had on this plea, but the plaintiff in error has sued out a writ of error, to bring the cause to this court for review; and a motion is now made that the writ be dismissed on the ground of its prematurity. At common law no writ of error could lie until after final judgment, and although this mode

of review no longer obtains with us in civil actions, yet no change was made by the Revised Statutes for criminal cases. They provide that writs of error upon judgment rendered on an indictment for a capital offense shall not issue unless allowed by one of the justices of the Supreme Court, and that in all other cases writs of error upon any final judgment rendered upon any indictment are writs of right. (2 R. S., 740, §§ 14, 15.)

Waiving the consideration that no judgment has been entered on either decision rendered by the court, it is plain that these statutes give no authority to bring error, to review other than final judgments in criminal cases, as under the common law, so under the statute, the policy seems to be against a review of intermediate judgments. The case of the *People* v. *Merrill* (14 N. Y., 74), though unlike this in some of its features, seems to be authority that a writ of error will not lie for the review of a judgment on some of the counts in an indictment while other counts and other issues remain undisposed of.

This rule of law has applicability to this case because, although judgment can be entered against the plaintiff in error on the demurrer to one of the charges in the indictment, yet no final judgment can be rendered against him until his plea of not guilty is shown to be unavailing, and that issue is now pending.

As this view will require a dismissal of the writ of error it is unnecessary to determine whether the return to the writ is sufficient or not.

The writ of error must be dismissed.

BARNARD, P. J., and GILBERT, J., concurred.

Motion to dismiss writ of error granted.